IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

                Case No. 4:06cr72-RH

**vs.**

**DANIEL RING,**

 Defendant.

_____/

**REPORT AND RECOMMENDATION TO DISMISS HABEAS CORPUS PETITION**

   Defendant Ring, proceeding pro se, filed a petition for writ of habeas corpus seeking relief from the judgment in this case. Doc. 48. As set forth in a separate order (incorporated herein by reference), Defendant is not entitled to proceed in habeas corpus under the "savings clause" of 28 U.S.C. § 2255. § 2255(e) (providing that a petition filed by a person authorized to seek § 2255 relief "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (setting forth the standard for

review); Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir.), *cert. denied*, 540 U.S. 900 (2003) (following Wofford).

Defendant has been advised that he may file a § 2255 motion and of the time limit for filing such a motion.  The order sets forth the requirement that the motion be filed on a form, and directs the clerk to supply Defendant with forms.  Defendant has never filed a § 2255 motion and still has time to file one.  The § 2255 remedy is available and adequate to test the legality of detention, and Defendant is not entitled to habeas corpus relief.

It is therefore respectfully **RECOMMENDED** that the petition for writ of habeas corpus (doc. 48) be **SUMMARILY DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on May 6, 2008.


　S/　　William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.