IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 4:06-cr-72-RH/AK

DANIEL RING,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 54, Motion to Vacate under 28 U.S.C. § 2255, filed by Daniel Ring. Defendant raises one issue: "The District Court abused its authority by departing upward from the guidelines." *Id*. at 3.

Defendant pled guilty to possessing an unregistered firearm, namely a sawed-off shotgun. Defendant's Guidelines range was 51 to 63 months, reflecting an adjusted offense level of 17 and a criminal history category of VI. Defendant's high criminal history category was based on having 25 criminal history points for 13 scored convictions. He had an additional 21 convictions for which he did not receive any points, either because of their age or the types of offenses.

The Court sentenced Defendant to the statutory maximum of 120 months imprisonment. *See* 26 U.S.C. §§ 5861 & 5871. In imposing sentence, the Court "explained that it had applied the sentencing factors in 18 U.S.C. § 3553(a)" and "recognized Ring's extensive criminal history." Doc. 47 (footnote omitted). The Court also "noted that Ring's prior convictions had

resulted in minor injuries to others." *Id*. (footnote omitted).

On appeal, the Eleventh Circuit found that the "sentence imposed was a variance using the § 3553(a) factors, and not a[n upward] departure under the guidelines" pursuant to § 4A1.3 of the Sentencing Guidelines for an inadequate criminal history category. *Id*. It therefore looked to determine whether the sentence was reasonable. *Id*. In affirming the sentence, the court concluded:

> [A]though the variance in this case was large–from a maximum of 63 months under the guidelines to the statutory maximum of 120 months–the sentence was reasonable. The court considered the extensive criminal history and the repeated substance abuse. And we note that the number of criminal history points assigned to Ring was more than double the amount necessary to qualify under category VI.

*Id*.

On this occasion, Defendant argues that the Court abused its authority by upwardly departing under the Guidelines when the

> [m]ethod of departure above last criminal history category in sentencing Guidelines required court to stay within Guidelines by considering sentencing ranges for higher base offense levels; sentencing court could not create new category by extrapolating from ranges of criminal history levels provided in Guidelines for defendant's base offense level.

Doc. 54, Mem.

The Eleventh Circuit has already determined that the Court did not "depart" under the Guidelines, but instead imposed a "variance" under § 3553(a). *See* Doc. 47; *see also Irizarry v. United States*, 128 S.Ct. 2198, 2202 (2008) ("departure" is term of art under Guidelines and "refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines"). When a matter has been raised on appeal and decided adversely to a defendant, it cannot be relitigated in a motion to vacate. *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th

Cir. 2000). Because the increased sentence was the result of a variance, not a departure, Defendant's arguments regarding vertical and horizontal axes and departures are entirely misdirected. *See United States v. Hill*, 218 Fed. Appx. 963, 966-67 (11th Cir. 2007) (explaining horizontal and vertical departures under § 4A1.3).

Furthermore, the sentence, while lengthy, has already been found to be reasonable by the appellate court, and Defendant has not raised any other issues in that regard upon which § 2255 relief could be predicated.

Accordingly, it is respectfully **RECOMMENDED** that the motion to vacate, Doc. 54, be **DENIED WITH PREJUDICE.**

**IN CHAMBERS** at Gainesville, Florida, this __24th__ day of July, 2008.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**